# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



WILLIAM J. MARTINI
JUDGE

## LETTER OPINION

March 24, 2010

Jovan Spriggins
R#28964-050
Unit-C445
U.S.P. Pollock
P.O. Box 2099
Pollock, Louisiana 71467
    (*Pro Se Petitioner)*

Joyce M. Malliet
Office of the United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102
    (*Attorney for Respondent*)

    **Re:**    *Spriggins v. United States*
            **Civil Action No. 09-3286**

Dear Litigants:

    Petitioner Malik Spriggins brings this matter *pro se* before the Court as a petition for habeas corpus. Spriggins seeks credit for time spent in official custody prior to being sentenced by this Court on a federal charge and claims ineffective assistance of counsel. The Court has construed these claims as a petition for writ of habeas corpus pursuant to

1

28 U.S.C. §§ 2241 and 2255 respectively.  No oral argument was held, Fed. R. Civ. P. 78, and after review of the briefing and relevant case law, the petition is **DENIED**.

## I. BACKGROUND

On March 17, 2006, Petitioner Spriggins was sentenced in the Superior Court of New Jersey to a 5-year term for receiving stolen property.  (Presentence Report ("PSR") ¶ 51.)  On March 26, 2007, while serving that term, Spriggins was transferred to a residential community release program.  (PSR ¶ 54.)  Soon thereafter, on April 29, 2007, Spriggins failed to return to the program.  (PSR ¶ 54.)

On May 21, 2007, Newark police officers re-arrested Spriggins for possession of a firearm and ammunition.  (Petr.'s Br. 1.)  He was subsequently returned to state custody.  (Petr.'s Br. 1.)  Following the re-arrest, Spriggins was indicted in the District of New Jersey for a 18 U.S.C. § 922(g)(1) violation as a felon in possession of a firearm.  On May 22, 2008, Spriggins pled guilty to the felon-in-possession charge before this Court.  (Respt.'s Br. 1.)  Following the plea, the Court sentenced Mr. Spriggins on August 21, 2008 to a seventy-seven month term, to run concurrently with the remainder of his state sentence.  (Respt.'s Br. 1.)

On June 12, 2009, Spriggins petitioned this Court for clarification or correction of his sentence, and on September 28, 2009, counsel for the government submitted an Answer in opposition to the requested relief.

## II. DISCUSSION

Petitioner Spriggins raises two distinct claims, which this Court has construed a petition for habeas corpus.  *See Bivings v. Wakefield*, 316 Fed. Appx. 177, 181 (3d Cir. 2009) ("We construe pro se filings liberally, and hold them 'to less stringent standards than formal pleadings drafted by lawyers . . .'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  First, Spriggins requests credit for time-served in official custody pursuant to § 3585(b) – the time between his re-arrest on May 21, 2007 and his federal sentencing on August 21, 2008.[1]  (Petr.'s Br. 1.)  This is a Section 2241 claim.  Second, Spriggins repeatedly suggests that his attorney provided ineffective assistance of counsel, since he allegedly did not advise Spriggins that he could receive custody credits.  (Petr.'s Br. 1–2.)  This is properly construed as a Section 2255 claim.

---

[1] While Spriggins estimates this time to be approximately 8 to 10 months, based on the record, the time between his state arrest and federal sentencing appears to be closer to 14 months.  (Petr.'s Br. 1.)  This is a factual discrepancy best left for resolution by the Bureau of Prisons.

A. **<u>Credit for Time Served in Official Custody</u>**

Petitioner Spriggins's request for a sentencing credit raises two threshold issues: (1) whether Spriggins exhausted his administrative remedies before the Bureau of Prisons ("BOP") prior to petitioning this Court for habeas relief and (2) if not, whether his failure to exhaust should be excused to allow this Court to reach the merits of his petition.

1. *Has Petitioner Exhausted His Administrative Remedies Through the BOP Prior to Petitioning This Court?*

Title 18 U.S.C. § 3585(b) provides that, under certain circumstances, a defendant may be given credit toward the service of a term of imprisonment for time spent in official detention prior to the date the sentence commences. The Supreme Court has held that, under Section 3585(b), the Attorney General, acting through BOP, has the authority to determine whether a defendant is entitled to prior custody credit in the first instance. *United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). Accordingly, district courts do not have jurisdiction to hear an application for credit for time served until a defendant has exhausted his administrative remedies by seeking credit from the Bureau of Prisons and Attorney General.[2] *See United States v. Brann*, 990 F.2d 98, 103-04 (3d Cir.1993) ("[D]istrict courts do not have jurisdiction to grant credit for prior custody . . . .  Thus, [a petitioner] must first exhaust his administrative remedies . . . by seeking any allowable credit for his pretrial detention from the Attorney General.").

Here, Petitioner Spriggins has the burden of demonstrating exhaustion of administrative remedies but has not done so. *United States v. Romero*, 348 Fed.Appx. 803, 805 (3d Cir. Sept. 29, 2009) (A prisoner must provide "evidence that he has exhausted his administrative remedies, and until he is able to do so and to carry his burden of proof, the District Court will not have jurisdiction to consider his motion."). By his own admission, Spriggins has not pursued administrative relief.  (Petr.'s Br. 2.) He states in his petition that he brought this action before the Court at this time because he has "no confidence" that the BOP will grant him relief.  (Petr.'s Br. 2.)  But lack of confidence will not carry Petitioner's burden of proof.

---

[2] The BOP has a grievance procedure through which federal prisoners may seek administrative review of any aspect of their confinement, including the calculation of any prior custody credits.  *See* Administrative Remedy Program, 28 C.F.R. § 542.14–16 (2009).

## 2. *Does Petitioner's Situation Fall Within an Exception to the Exhaustion of Administrative Remedies Doctrine?*

Since Spriggins by his own admission has failed to pursue administrative remedies, the next question is whether his failure to satisfy the exhaustion requirement may be excused. Spriggins states that he did not seek relief through the BOP because he lacks confidence in the Bureau. This excuse, in and of itself, is plainly insufficient.

The Third Circuit has applied the exhaustion doctrine in this context for the following reasons:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (quoting *United States ex rel. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir. 1973), *rev'd on other grounds*, 417 U.S. 653 (1974)). Where application of the doctrine would not further any of the aforementioned goals, the Third Circuit has excused federal prisoners from the requirement. *Id.*

Here, Petitioner alleges no facts that would suggest that exhaustion would be futile or otherwise should be excused. To the contrary, disposition of this matter requires further development of the factual record – i.e. the dates on which his federal and state custodies commenced and a calculation of the time served. *See id.* at 1052 (Petitioner's "claims with respect to his personal safety, hardship on himself and his family, and his health . . . are particularly ill-suited for judicial review without the prior development of a factual record by administrative authorities"). Here, judicial time may be conserved by allowing BOP to conduct its administrative review. As such, Petitioner has demonstrated no basis upon which this Court should allow him to circumvent the BOP's administrative process.

## 3. *Is Petitioner Entitled to Relief on the Merits if Excused from Exhausting Administrative Remedies?*

Even if the Court were to reach the merits of Spriggins's claim, his petition still should be denied. In his petition, Spriggins contends that he should receive custody

4

credit for time served either from the date of his arrest and indictment on the federal charge or from the date on which he alleges he would have been eligible for parole on his receiving stolen property conviction. (Petr.'s Br. 1-2.) These facts, however, do not support relief under 18 U.S.C. § 3585(b).

Section 3585(b) reads:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

First, Petitioner's official detention prior to the federal sentencing resulted from his state escape charge. Since this custodial period was not due to the federal felon-in-possession charge, it was not *a result of* the offense for which the instant sentence was imposed, as § 3585(b)(1) requires. Second, since the state escape offense occurred before the federal charge, the official detention did not result from a charge occurring "after the commission of the offense for which the sentence was imposed," as § 3585(b)(2) requires.

Accordingly, based on the facts presented in petitioner's letter and the government's Answer, Petitioner's motion for habeas corpus should be dismissed because his situation fails to comport with the requirements of the statute.

### B. Petitioner's Ineffective Assistance of Counsel Claim

Finally, Petitioner Spriggins raises an ineffective assistance of counsel claim, alleging that his attorney and this Court never discussed with him whether he would be entitled to credit for prior custody. (Petr.'s Br. 1-2.) This argument fails, however, since counsel cannot be ineffective for failing to inform the Court that decision-making authority regarding custodial credits rests with the BOP. *See Powell v. United States*, Civ. No. 07-3417, 2007 WL 4208822, *3 (D.N.J. 2007) (noting that since a petitioner "must first exhaust all administrative remedies with the BOP before seeking judicial review from the courts . . . counsel's failure to notify the Court of this matter is

irrelevant."). As such, Petitioner has not demonstrated that counsel's conduct was either deficient or prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (U.S. 1984).

### III.   CONCLUSION

For the foregoing reasons, Petitioner Spiggins' request for post-conviction relief pursuant to 28 U.S.C. §§ 2255 and 2241 is hereby **DENIED** in its entirety. An appropriate Order accompanies this Letter Opinion.


  /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**